IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARIA SPARGIFIORE, et al.,

           Plaintiffs,

v.                                              CIVIL ACTION NO. 2:10-cv-00800

MYLAN PHARMACEUTICALS, INC., et al.,

           Defendants.

**MEMORANDUM OPINION & ORDER**

On November 18, 2010, I entered an order requiring plaintiffs' counsel in this action to show cause as to why they did not appear in person at a mandatory docket hearing held on November 17, 2010. Counsel for each plaintiff remaining in MDL 1968 after the settlement agreement opt-out process had been ordered to appear. Counsel was notified that absent any showing of substantial justification, sanctions in the amount of $500.00 would be imposed pursuant to Federal Rule of Civil Procedure 16(f). I entered a further order on November 30, 2010, requiring counsel to inform the court if they intended to proceed with this civil action. Counsel filed timely responses to both orders.

Counsel contends in his response to the show cause order that his client is currently deliberating what action she wishes to take with her case, having opted out of the mass settlement. He further contends that he received up to four filing notices a day in this matter in his email. While waiting for his clients' decision, he contends he failed to appear because he "apparently

overlooked the need to respond to the Court's notices regarding the November 17, 2010, hearing" and as a result, "failed to take the steps necessary to secure Ms. Spargifiore's appearance thereat."

I can find no correlation between the plaintiff's state of deliberation and counsel's failure to obey court orders. PTO #67 concerning notice of the mandatory docket conference for the remaining plaintiffs was issued on October 21, 2010. While this is the only notice of the hearing sent by the court, counsel himself states he received "up to four filing notices a day in this matter" and overlooked the need to respond to the "Court's notices" regarding the hearing. Even having admitted to receiving multiple notices of activity in this civil action prior to the mandatory hearing, counsel made no attempt to excuse his appearance before or after the hearing. It was not until he received the court's show cause order that counsel even responded.

It is further obvious that counsel did not carefully read the directive of PTO #67 specifically concerning who was to appear at the mandatory hearing. It stated that *counsel* for each remaining plaintiff was ordered to appear at the hearing. Parties themselves were not ordered to appear unless they were not represented by counsel. I find counsel's response to the show cause order offers, at best, weak justification only for why his client, who was not ordered to do so, failed to appear at the mandatory docket hearing. It offers no explanation for *counsel's* failure to appear.

Having failed to offer any substantial justification for his failure to appear and based upon the authority of Rule 16(f), plaintiffs' counsel is hereby **ORDERED** to pay a monetary sanction in the amount of $500.00 to the Clerk of Court for the Southern District of West Virginia no later than December 24, 2010. *See, e.g.* 6A Charles A. Wright, Federal Practice and Procedure § 1531 (3d ed. elec. 2010) ("The references to specific sanctions in Rule 16 (f) [are] not exhaustive. The court is to design the sanction to fit the violation, including fines payable to the court.")(footnote omitted).

On December 10, 2010, counsel responded to the court's order requiring information as to whether this case will proceed and requested a 14-day extension of time to inform the court of the plaintiffs' decision. Counsel stated the extension is necessary based on his motion to withdraw as counsel and the plaintiffs' need to find new counsel. The court notes that at the time the response was submitted to the court no motion to withdraw had been filed by plaintiffs' counsel. A motion to withdraw was subsequently filed on December 14, 2010. While the court understands that this claim arises out of the death of the plaintiffs' father and the matter is of some sensitivity, the court and the defendants must know if this case is to proceed. The motion for a 14-day extension of time is **DENIED** and the plaintiffs are **ORDERED** to inform the defendants and the court in writing no later than December 24, 2010, if they intend to continue to pursue this civil action. *The failure to respond by that date will be treated as abandonment of this litigation, at which point I will dismiss this action with prejudice*. Counsel for the plaintiffs is directed to serve a copy of this Memorandum Opinion and Order on the plaintiffs, return receipt requested.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 16, 2010

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge